IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TIMOTHY PAUL MCGUIRE,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 7:16-cv-00291 |
| | ) | |
| NANCY A. BERRYHILL, Acting | ) | |
| Commissioner of Social Security, | ) | By: Elizabeth K. Dillon |
| | ) | United States District Judge |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

Plaintiff Timothy Paul McGuire brought this action for review of defendant Nancy A. Berryhill's (the commissioner's) final decision denying his claim for disability insurance benefits (DIB) under the Social Security Act (the Act). 42 U.S.C. § 405(g) (2012) (authorizing a district court to enter judgment "affirming, modifying, or reversing the decision of the Commissioner of Social Security"). The parties filed cross-motions for summary judgment, which the court referred to United States Magistrate Judge Robert S. Ballou for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). In his report, the magistrate judge concluded that substantial evidence supported the commissioner's decision. (Dkt. No. 16.) McGuire objected, and the commissioner filed a response to the objections. (Dkt. Nos. 17, 18.) After de novo review of the pertinent portions of the record, the report, and the filings by the parties, in conjunction with applicable law, the court will adopt the magistrate judge's recommendation.

---

[1] Neither the commissioner's records nor the ALJ decision at issue capitalize the "G" in McGuire's name, simply spelling it "Mcguire." In the complaint itself, his name appears only in all capital letters, so that does not offer any clues as to whether the "G" is capitalized. On documents McGuire has signed and written his name on, however, he spells his name McGuire, (*see, e.g.*, Application to Proceed *in forma pauperis*, at 2, Dkt. No. 1), and so does the court.

Accordingly, defendant's motion for summary judgment will be granted, and plaintiff's motion for summary judgment will be denied.

## I. BACKGROUND

The court adopts the recitation of facts and procedural background as set forth in the report. (Report 2–3, Dkt. No. 16.)

## II. DISCUSSION

### A. Standard of Review

This court's review of the administrative law judge's (ALJ) underlying decision is limited. Specifically, "[a] district court's primary function in reviewing an administrative finding of no disability is to determine whether the ALJ's decision was supported by substantial evidence." *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence does not require a "large or considerable amount of evidence," *Pierce v. Underwood* , 487 U.S. 552, 564–65 (1988); rather, it requires "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). This is "more than a mere scintilla of evidence [and] somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

Where, as here, a matter has been referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1), this court reviews de novo the portions of the report to which a timely objection has been made. Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Raddatz*, 447 U.S. 667, 673–74 (1980) (finding that de novo review of the magistrate's report and recommendation comports with due process requirements).

In order for an objection to trigger de novo review, it must be made "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."

*United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). *See also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("[P]etitioner's failure to object to the magistrate judge's recommendation with the specificity required by the Rule is, standing alone, a sufficient basis upon which to affirm the judgment of the district court as to this claim."). Further, objections must respond to a specific error in the report and recommendation. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). General or conclusory objections, therefore, are not proper; they are in fact considered the equivalent of a waiver. *Id*. Likewise, an objection that merely repeats the arguments made in the briefs before the magistrate judge is a general objection and is treated as a failure to object. *Moon v. BWX Techs*, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), *aff'd*, 498 F. App'x 268 (4th Cir. 2012) (citing *Veney v. Astrue*, 539 F. Supp. 2d 841, 844–46 (W.D. Va. 2008)).

McGuire's two objections were both issues raised in his brief before the magistrate judge, but he offers sufficiently specific objections to the report itself to trigger the de novo standard of review. Accordingly, the court reviews de novo those portions of the report to which McGuire has objected.

**B. ALJ's Decision**

McGuire had previously applied for social security benefits and was awarded benefits for a closed period of disability, from October 16, 2009, through December 31, 2010. The ALJ's decision in the prior case was dated June 4, 2012, and concluded that McGuire was disabled for the closed period "due to degenerative disc disease and arthralgias status-post October 2009 motor vehicle accident, residual effects of shotgun injuries, and anxiety." (ALJ Decision, Administrative Record (R.) 56, Dkt. No. 8-1 (describing prior decision); *see also* R. 133–140 (prior ALJ decision).) Approximately three months before that first decision, in March 2012,

McGuire was injured in an all-terrain vehicle (ATV) accident. Those injuries gave rise to the disability claim at issue here.

On May 5, 2015, the ALJ entered the decision that McGuire challenges in this case, concluding that McGuire was ineligible for benefits. In reaching his decision, the ALJ followed the five-step process found in 20 C.F.R. § 404.1520 (2016). The five-step evaluation asks the following questions, in order: (1) whether the claimant is working or participating in substantial gainful activity; (2) whether the claimant has a severe impairment of the duration required by 20 C.F.R. § 404.1509; (3) whether he has a type of impairment whose type, severity, and duration meets the requirements listed in the statute; (4) whether he can perform his past work, and if not, what his residual functional capacity (RFC) is; and (5) whether work exists for the RFC assessed to the claimant. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. At the fifth step, the burden shifts to the commissioner to establish that the claimant maintains the RFC, considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A).

McGuire protectively filed for a period of disability and DIB on July 6, 2012, alleging disability beginning March 10, 2012. (R. 43.) At step one, the ALJ concluded that McGuire had not worked since March 10, 2012, and met the insured status requirements of the Act through March 31, 2016. At step two, the ALJ found that McGuire suffered from the severe impairments of "degenerative disc disease, status-post scapula, and rib fractures, March 2012; history of shotgun injury; hypertension; right hip arthralgia; depression; anxiety. (*Id.* at 45.) At step three, the ALJ found that McGuire's impairments, alone or in combination, neither met nor medically equaled any listed impairments. (*Id.* at 46.) He specifically found that McGuire's mental

impairments did not satisfy either the paragraph B or paragraph C criteria of listings 12.04 and 12.06. (*Id.* at 47–48.)

At step four, the ALJ evaluated McGuire's RFC, considering all of his impairments. He concluded that McGuire had the RFC to perform light work except that he "is limited to occasional pushing, pulling, and reaching with the bilateral upper extremities." (*Id.* at 48.) The ALJ also concluded that McGuire's RFC precluded him from various work hazards and limited him only to occasionally performing postural activities, including climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling. (*Id.*) The ALJ also found that McGuire could "understand, remember, and carry out detailed/semiskilled tasks." (*Id.*)

Based on this RFC, the ALJ determined that McGuire is unable to perform any past relevant work, but that he is capable of performing other jobs that exist in the national and local economies at the unskilled light level of exertion, such as counter clerk and usher. (*Id.* at 56–57.) He therefore concluded that McGuire had not been under a disability at any time since March 10, 2012, and that he was not eligible for benefits. (*Id.* at 58.) In his report, the magistrate judge concluded that substantial evidence supported the ALJ's decision. (Report 1.)

## C. McGuire's Objections

McGuire raises two objections to the magistrate judge's report. First, he argues that the report erroneously concluded that the ALJ's credibility findings are supported by substantial evidence.[2] Second, he contends that the magistrate judge erred in his analysis of the ALJ's consideration of the prior, June 4, 2012 ALJ decision. The court addresses each objection in turn.

---

[2] As the magistrate judge noted, "credibility" is no longer the term the commissioner uses, but the principle is the same—the ALJ must assess whether the claimant's reports of his symptoms are supported by the medical evidence. (Report at 7 n.4, Dkt. No. 16.)

### 1. The magistrate judge correctly found that substantial evidence supports the ALJ's finding that McGuire's description of his symptoms were not consistent with the evidence.

McGuire's first objection is that magistrate judge erred in concluding that substantial evidence supports the ALJ's credibility finding. The ALJ's decision explained that the limiting effects of the impairments, as alleged by McGuire, "are not fully credible in light of the claimant's treatment history, objective medical findings suggestive of fewer restrictions, and activities of daily living reported throughout the record." (R. 56.) For support, the ALJ pointed to relatively conservative medical treatment, as well as significant gaps in treatment and mild clinical findings. (R. 54.)

In his objections, McGuire points to a number of treatment records in which he reported having neck and chest pain following his March 2012 four-wheeler accident. (Obj. 2, Dkt. No. 17.) McGuire also refers to his own reports of pain in his paperwork and his own description of his limitations from the hearing before the ALJ. (*Id.*)

There certainly was evidence—mostly in the form of McGuire's own statements—about his limitations, but the ALJ considered those statements and found them less than fully credible, as already discussed. In his objection, McGuire is effectively asking the court to resolve inconsistencies between the claimant's testimony and the evidence of his ability to work. That is the province of the ALJ, and it is inappropriate for this court to interfere with the determination of credibility. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. SSR 96-4p (1996). *See, e.g.*, *Chafin v. Shalala*, No. 92-1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) ("It is not the proper province of the courts to second-guess the ALJ's credibility determinations.") (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964)). Indeed, even if the court might have reached a

6

different conclusion, the ALJ's determination must be upheld if it is supported by substantial evidence. *Johnson v. Barnhart*, 434 F.3d 650, 658–59 (4th Cir. 2005) (discussing credibility and noting that "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on . . . the ALJ") (citation omitted).

The court has reviewed the portions of the record relied upon by the ALJ and concludes that substantial evidence exists to support the ALJ's credibility finding. Accordingly, McGuire's first objection will be overruled.

**2. The ALJ's consideration of the prior ALJ decision was not improper.**

McGuire's second objection is that the ALJ "improperly gave weight to the portion of this prior decision that found [McGuire ] could work." (Objs. 2.) Specifically, McGuire argues that both the ALJ's decision and the ALJ's questions and comments at the hearing show that he relied on the prior decision as evidence that McGuire could work during the period at issue in this application (after the March 10, 2012 accident). McGuire argues that such reliance was improper because the prior decision made clear that it was not addressing the effect of the March 2012 accident or resulting injuries. Specifically, the prior decision noted that McGuire had been involved in an ATV accident in March 2012, but stated:

> [N]o updated medical evidence has been submitted regarding any injuries, treatment, or physician recommended limitations. The longevity of complications related to his most recent accident are uncertain, along with the limited medical evidence in the record related to his subsequent treatment. Moreover, the undersigned notes the issues regarding his most recent injuries, if any, are not related to this decision.

(R. 140.)

In the decision appealed from here, the ALJ referred to the prior decision and explained that he was giving that decision—which was issued by the same ALJ—"some weight."[3] Specifically, he stated: "The undersigned gives the prior ALJ decision some weight, to the extent it indicated an ability to work after the closed period of disability." (R. 56.) McGuire argues that this statement necessarily means that the ALJ gave the prior decision some weight as it relates to the period at issue in his current application—after the March 2012 accident—and that assigning it any weight was improper given the prior ALJ decision's explicit statement that the decision did not consider any injuries as a result of that accident.

The magistrate judge interpreted the same statement as affecting the period after the closed period of disability (*i.e.*, after December 31, 2010), but not including the period after March 2012. In particular, the magistrate judge noted that the prior decision was not cited in support of the ALJ's finding that McGuire was not disabled after March 2012. (Report 11.)

While McGuire's interpretation—which is that the ALJ considered the prior decision as some evidence that McGuire could work after March 2012—might be reasonable if the statement stood alone, the court does not believe it withstands scrutiny once the entirety of the decision and the record are reviewed. Notably, the same ALJ wrote both decisions. Furthermore, in the May 2015 decision, the ALJ explicitly noted that "the undersigned did not rule on the disabling

---

[3] As discussed by both the magistrate judge and the ALJ, (Report 10–11 ; R. 55–56), acquiescence ruling (AR) 00-1(4) requires an ALJ to consider a prior finding on disability or non-disability "as evidence" and to "give it appropriate weight in light of all relevant facts and circumstances." AR00-1(4), 65 Fed. Reg. 1936, 1938. In determining the weight to give the prior finding, an ALJ should consider factors such as:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

*Id.* Additionally, an ALJ should give greater weight to a prior finding where the previously adjudicated period is close in time to the period the ALJ is adjudicating. *Id.*

effects" of McGuire's injuries resulting from the March 2012 accident. (R. 49.) Thus, the decision itself makes clear that the ALJ was aware that the prior decision did not rule as to whether McGuire could work after the March 2012 accident. In short, the ALJ was not operating under any misunderstanding about the scope of his own prior decision. Additionally, as pointed out by the magistrate judge in his report, the ALJ's reasons as to why McGuire was not disabled do not mention the prior disability determination at all.

Contrary to McGuire's arguments, moreover, the ALJ's statements at the hearing do not alter that conclusion. First of all, questions asked during the hearing are not part of the ALJ's final decision. In any event, the court has reviewed those portions of the hearing and agrees with the magistrate judge that they seem to indicate that the ALJ was trying to understand the scope of that prior decision. (*See* R. 65–66.) His statement in his actual decision, however, indicates that he understood the limited scope of the prior decision, as already discussed. (*See* R. 49.)

The court thus concludes that substantial evidence supports the ALJ's treatment of the prior decision. McGuire's second objection is overruled.

### III. CONCLUSION

After a de novo review of the record, this court finds that the ALJ's decision is supported by substantial evidence and that the ALJ applied the correct legal standards. Accordingly, this court will overrule McGuire's objections and adopt the magistrate judge's report and recommendation. The court will therefore grant the commissioner's motion for summary judgment and deny McGuire's motion for summary judgment.

An appropriate order will be entered.

Entered: September 21, 2017.

/s/ *Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge